IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | |
|---|---|
| D'Andre F. Berry,<br>    *Plaintiff*,<br>            v.<br>Texas Woman's University,<br>Jason Tomlinson,<br>Lewis Benavides,<br>Anthony Yardley,<br>Rob Ramirez,<br>Ward Sheeder<br>    and<br>William Patten,<br>    *Defendants*. | CASE NO. _____<br><br><br>COMPLAINT<br><br><br>JURY TRIAL NOT DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

A.   PRELIMINARY STATEMENT

1.   This is an action against Defendant employer, Texas Woman's University and individual supervisors, managers and directors under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 et seq., as well as Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e et seq., and Section 1981, 42 U.S.C. §§ 1981, 1983 for this Defendant's unlawful employment practices and discrimination against Plaintiff based on protected activity and race. This action seeks economic, compensatory and punitive damages, along with attorney's fees, costs of court and equitable relief to redress Defendant's violations of law.

B.     PARTIES AND SERVICE OF PROCESS

2.     Plaintiff, D'Andre F. Berry, is an individual, citizen of the United States and resident of this state at 10620 Aransas Dr., Fort Worth, Texas 76131

3.     Defendant, Texas Woman's University, an institution of higher education primarily situated in Denton, Denton County, Texas, must be served in accordance with Tex. Educ. Code § 105.151(e) by delivering a copy of the summons and of the complaint to:

> The Office of the Attorney General, Asst. AG for Civil Litigation Darren McCarty, Price Daniels Bldg., 8th Floor, 209 W. 14th Street, Austin, Texas 78701; and

> The individual named by board rule as a representative of the board in accordance with The Rules of the Board of Regents of the University of North Texas System, Rule 03.1002, Carine Feyten, Chancellor and President, ACT 15th Floor, 304 Administration Dr., Denton, Texas, 76204.

4.     Defendant, Jason Tomlinson is an individual, citizen of the United States and who resides in Denton County, Texas.  He may be served with process at Texas Woman's University, ACT 1102, 304 Administration Dr., Denton, TX 76204.

5.     Defendant, Lewis Benavides is an individual, citizen of the United States and who resides in Denton County, Texas.  He may be served with process at Texas Woman's University, OC 233, Denton, TX 76204.

6.     Defendant, Anthony Yardley is an individual, citizen of the United States and who resides in Denton County, Texas.  He may be served with process at Texas Woman's University, OC 235, Denton, TX 76204.

7.     Defendant, Rob Ramirez is an individual, citizen of the United States and who resides in Denton County, Texas.  He may be served with process at Texas Woman's University, FMC 109B, Denton, TX 76204.

8. Defendant, Ward Sheeder is an individual, citizen of the United States and who resides in Denton County, Texas. He may be served with process at Texas Woman's University, FMC 105, Denton, TX 76204.

9. Defendant, William Patten is an individual, citizen of the United States and who resides in Denton County, Texas. He may be served with process at Texas Woman's University, FMC 123, Denton, TX 76204.

C. JURISDICTION

10. The Court has jurisdiction over the lawsuit because the suit arises under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 et seq; Title VII, 42 U.S.C. §§ 2000e et seq.; and Section 1981, 42 U.S.C. §§ 1981, 1983. Plaintiff was employed as a Power Plant Operator with Defendant, Texas Woman's University at its Denton County, Texas campus.

D. VENUE

11. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because all of the adverse employment events, and the acts and or omissions made the basis of same giving rise to this lawsuit occurred in this district. Defendant, Texas Woman's University has consented to venue in this district pursuant to Tex. Educ. Code § 105.151(a). Additionally, venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because: (1) the alleged unlawful employment practices were committed in this district at Defendant, Texas Woman's University's Denton, Denton County Texas campus; (2) the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district at Defendant, Texas Woman's University's Denton, Denton County Texas campus; and (3) Plaintiff would have worked in this district at Defendant, Texas Woman's University's Denton, Denton County Texas campus but for the alleged unlawful employment practices.

E.    CONDITIONS PRECEDENT

12.   All conditions precedent have been performed or have occurred, including the exhaustion of administrative remedies. Plaintiff timely filed a charge of discrimination against Defendant, Texas Woman's University with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC, dated March 11, 2019. See 42 U.S.C. §2000e-5(f)(1).

F.    FMLA

13.   Plaintiff is an eligible employee within the meaning of the FMLA. Plaintiff was employed by Defendant, Texas Woman's University for at least 12 months and for at least 1,250 hours of service during the preceding 12-month period prior to his termination on October 5, 2018. See 29 U.S.C. §2611(2).

14.   Defendant, Texas Woman's University is an employer within the meaning of the FMLA, is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year. See 29 U.S.C. §2611(4).

15.   Defendants, Jason Tomlinson, Lewis Benavides, Anthony Yardley, Rob Ramirez, Ward Sheeder and William Patten are individual supervisors, managers and directors who work for Texas Woman's University, had substantial control over Plaintiff's FMLA rights, and have committed prohibited acts under 29 USCS § 2615. These "individual Defendants" have individual liability, in addition to and separate and apart from Defendant, Texas Woman's University ("TWU"). *Haybarger v. Lawrence County Adult Prob. & Parole*, 667 F.3d 408, at 417 (3rd Cir. 2012); See, *Modica v. Taylor*, 465 F.3d 174, at 186 (5th Cir. 2006).

16.   Plaintiff was entitled to FMLA leave at the time of his termination because of a serious health condition that involves continuing treatment by a health-care provider and the use of

prohibited substances that make Plaintiff unable to perform the functions of his position. See 29 U.S.C. §§2611(11), 2612(a)(1)(D).

17. Plaintiff gave Defendant as much notice as was practicable under unforeseeable circumstances before the date leave was to begin.

18. Plaintiff provided the certification of need required by Defendants.

19. Defendants intentionally interfered with, restrained and denied the exercise of Plaintiff's rights provided under the FMLA by refusing to grant Plaintiff leave and discharging Plaintiff for being absent from work as required by his medical treatment. See 29 U.S.C. §2615(a)(1); *Goelzer v. Sheboygan Cty.*, 604 F.3d 987, 992 (7th Cir. 2010).

20. Defendants intentionally discriminated against Plaintiff because of his opposition to unlawful practices in violation of the FMLA by reporting his supervisors' conduct to TWU's Department of Human Resources and seeking its assistance and intervention. See 29 U.S.C. §2615(a)(2); *Goelzer v. Sheboygan Cty.*, 604 F.3d 987, 992 (7th Cir. 2010).

21. Defendants intentionally discriminated against Plaintiff because he instituted or caused to be instituted an inquiry by or against TWU's Facilities Administration under the FMLA. See 29 U.S.C. §2615(b); *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005).

E.   TITLE VII

22. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely race. Prior to his termination, Plaintiff was a Power Plant Operator, responsible for the operation and troubleshooting of central plant operations – a job that requires both physical labor and trained technical skills. See 42 U.S.C. §2000e(f).

23. Defendant, Texas Woman's University ("TWU") is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. See 42 U.S.C. §2000e(a), (b).

24. Jason Tomlinson, Rob Ramirez, Ward Sheeder and William Patten are individuals employed by Defendant, TWU who were Plaintiff's direct chain of supervision, authority and control. Individually and collectively, they were empowered by Defendant, TWU to take tangible employment actions against Plaintiff, including the ability to fire Plaintiff, reassign Plaintiff to a position with significantly different responsibilities, assign Plaintiff to work schedules, direct Plaintiff to perform work tasks, the authority to recruit or deny Plaintiff recruitment for promotion and the authority to promote Plaintiff.

25. Defendant, TWU intentionally discriminated against Plaintiff because of his race in violation of Title VII by selectively recruiting employees for promotion and promoting employees within their race (Caucasian) with disregard to longevity, skills or capability. See 42 U.S.C. §2000e-2(a), (d).

26. Defendant, TWU used the following discriminatory employment practices, policies, and rules in violation of Title VII: Limiting, segregating, or classifying its employees recruited for promotion or advancement in the Facilities Management Department in such a way which would deprive or tend to deprive persons of color, such as Plaintiff, opportunities or otherwise adversely affecting their status as an employee, because of such individual's race. See 42 U.S.C. §2000e-2(a)(2). Defendant's Facilities Management practice of preferentially recruiting for promotion and advancing persons within a Caucasian clique should alternatively be supplanted with a promotion practice, policy and rules based on longevity and merit with disregard to race. See 42 U.S.C. §2000e-2(k).

27. Rob Ramirez and William Patten each created a hostile work environment through discriminatory words and actions towards Plaintiff because of Plaintiff's race. This conduct was so severe that it altered the terms and conditions of Plaintiff's employment, interfered with Plaintiff's work performance and created an intimidating, hostile, and offensive work environment. Rob Ramirez singled out Plaintiff for having caused a "revolving door at HR" and personally terminate Plaintiff's employment. William Patten singled out Plaintiff by subjecting him to a pattern

and practice of harassment, including allowing a noose to be hung over the power plant's bathroom door, demanding that Plaintiff engage in physical activities beyond his work restrictions due to injury, ridiculing Plaintiff for laziness, and harassing Plaintiff by photographing and recording him at the workplace. Each of these actions separately and collectively caused Plaintiff to fear for his job, be intimidated by being assigned tasks that were beyond his physical capabilities, resent being singled out at the workplace and be distracted from his duties. Additionally, Plaintiff suffered from an anxiety disorder as a result, which required that he be prescribed counseling and medical intervention with a controlled substance.

28. Defendant, TWU is directly liable because it was negligent in discovering and remedying the discriminatory conduct. Plaintiff engaged TWU's HR Department on a continuum over two years prior to his termination. Accordingly, he sought HR's help with the hostile treatment that he suffered under his direct supervisor, William Patten and assistance with his rights under FMLA, medical work restrictions and the Texas Workers Compensation system due to an overuse injury created by his direct supervisors' disregard for his medical work restrictions. Defendant, TWU was dilatory in investigating and discovering the depth of the hostile work environment and violations of law that existed in the Facilities Management Department as regarded Plaintiff, eventually became aware of the matters, but failed to take effective remedial action. See *Vance*, 570 U.S. at 427; *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1119-21 (9th Cir. 2004).

29. Defendant, TWU is strictly liable for Jason Tomlinson's, Rob Ramirez's, Ward Sheeder's and William Patten's discriminatory conduct because, individually and collectively, they took tangible employment actions against Plaintiff that significantly changed plaintiff's employment status. Plaintiff was not recruited for promotion or advanced although he had superior longevity, skills, training and knowledge over those Caucasians that were, and Plaintiff was reassigned with significantly harsher responsibilities after he sought HR's involvement. See *Vance*, 570 U.S. at 429. Additionally, Rob Ramirez personally fired Plaintiff.

30.     Defendant, TWU is vicariously liable for its employees' discriminatory conduct because it did not exercise reasonable care to prevent and promptly correct the discriminatory conduct, even though Plaintiff took advantage of Defendant's measures designed to prevent and correct discriminatory conduct. See *Vance*, 570 U.S. at 430.

F.    SECTION 1981

31.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein; and would show that the discriminatory actions that Defendants took against Plaintiff were done intentionally and in violation of 42 U.S.C. § 1981, pursuant to a custom or practice of the Facilities Management Department.  Thereby, Plaintiff was denied equal protection in that: (1) the Plaintiff, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on the impermissible consideration of race, with intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure Plaintiff. See *Brown* v. *City of Syracuse*, 673 F. 3d 141, 151-151 (2d Cir. 2012).

32.     Jason Tomlinson, Rob Ramirez, Ward Sheeder and William Patten are each supervisors who were personally involved in one or more acts of intentional discrimination against Plaintiff. Therefore, they have personal liability. *Faraca v. Clements*, 506 F.2d 956, 959 (5th Cir.), cert. denied, 422 U.S. 1006, 45 L. Ed. 2d 669, 95 S. Ct. 2627 (1975).

I.    DAMAGES

33.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

34.     Plaintiff was denied four promotions to which he was equally or superiorly qualified, resulting in lost pay and benefits.

35.     Plaintiff was discharged from employment with Defendant, Texas Woman's University. Although Plaintiff has diligently sought other employment, he has been unable to find a job at comparable wages.  In addition, Plaintiff has incurred expenses in seeking other employment.

36. Plaintiff has lost health benefits and unemployment benefits.

37. Plaintiff suffered loss of his retirement benefits.

38. Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits.  Reinstatement of Plaintiff in his previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate him up to the mandatory retirement age.  42 U.S.C. § 2000e-5(g)(1); § 1981a(b).

39. Defendants did not act in good faith and did not have a reasonable belief that their conduct was not a violation of 29 U.S.C. §2615. Therefore, Plaintiff is entitled to an award of liquidated damages within the meaning of the FMLA. See 29 U.S.C. §2617(a)(1)(A)(iii).

40. Plaintiff suffered mental anguish and emotional distress in the form of an anxiety disorder for which he seeks compensatory damages. 42 U.S.C. § 1981a(b).

41. Plaintiff seeks punitive damages for the extent to which Defendants acted with malice or reckless indifference to his rights. 42 U.S.C. § 1981a(b)(1), (3).

J.  ATTORNEY FEES & COSTS

42. Plaintiff is entitled to an award of attorney fees and costs under the FMLA, Title VII and Section 1981. See 29 U.S.C. §2617(a)(3); 42 U.S.C. §2000e-5(k); and 42 U.S.C. § 1988(b).

K.  PRAYER

43. For these reasons, Plaintiff asks for judgment against Defendants for the following:

44. Injunction to stop the unlawful employment practices shown to the Court. 42 U.S.C. §2000e-5(g); *Selgas v. Am. Airlines, Inc.*, 104 F.3d 9, 12-13 (1st Cir. 1997).

45. Affirmative action to reinstate Plaintiff and provide him access to promotion opportunities. 42 U.S.C. §2000e-5(g); *Selgas v. Am. Airlines, Inc.*, 104 F.3d 9, 12-13 (1st Cir. 1997).

46. Back pay, front pay and compensatory damages. 29 U.S.C. §2617.

47. Punitive damages. 42 U.S.C. §1981a(a)(1), (b).

48. Prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney fees. 29 U.S.C. §2617(a)(1)(A)(ii).

49. Reasonable attorney fees. 29 U.S.C. §2617(a)(3) ); 42 U.S.C. §2000e-5(k); and 42 U.S.C. § 1988(b).

50. Costs of suit. 29 U.S.C. §2617(a)(3); FRCP 54(d)(1); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir.1993), reh'g granted, 20 F.3d 614 (5th Cir.1994), reinstated in relevant part, 61 F.3d 1113 (5th Cir.1995)

51. All other relief the Court deems appropriate.

Respectfully submitted,

*Ken Wigginton /es/*

Ken Wigginton, Attorney

TSB# 21442600

207 W Hickory, Suite 214

Denton, Texas 76201

940.218.6631 phone

940.205.5016 fax

ken@wiggintonlegal.com

ATTORNEY FOR THE PLAINTIFF