IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| D'ANDRE F. BERRY, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 4:19-CV-00409-RWS-CAN |
| v. | § | |
| | § | |
| TEXAS WOMAN'S UNIVERSITY, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff D'Andre F. Berry ("Berry") asserts five claims in his live pleading. Docket No. 38. Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 40. The Magistrate Judge recommends granting in part and denying in part the motion. Docket No. 49 ("Report and Recommendation"). Berry filed an objection to the Report and Recommendation. Docket No. 50. The Magistrate Judge ordered Defendants to file a response, but Defendants declined to do so. Docket No. 51. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Berry originally filed his Complaint in the Eastern District of Texas on June 4, 2019. Docket No. 2. After the Court dismissed certain claims, Berry filed an Amended Complaint. Docket Nos. 37, 38. The live pleading asserts five claims: (1) under § 1983 for prospective relief against the Individual Defendants in their official capacities; (2) under § 1983 for monetary damages against the Individual Defendants in the individual capacities; (3) under Title VII against Defendant TWU; (4) under the FMLA for prospective relief against Defendant TWU and the Individual Defendants in their official capacities; and (5) under the FMLA for monetary damages

against the Individual Defendants in their individual capacities.  Docket No. 38.  Defendants' Second Motion to Dismiss asks the Court to dismiss Berry's claims for lack of subject-matter jurisdiction, qualified immunity, and failure to state a claim.  Docket No. 40.

## **REPORT AND RECOMMENDATION**

On February 22, 2021, the Magistrate Judge recommended the Court grant in part and deny in part Defendants' Second Motion to Dismiss.  Docket No. 49.  Specifically, the Magistrate Judge recommends (1) Berry's § 1983 claims against the Individual Defendants in their individual capacities be dismissed with prejudice on the basis of qualified immunity; (2) Berry's § 1983 claim against the Individual Defendants in their official capacities as to Berry's requests related to reinstatement/rehire survive dismissal; (3) all other relief requested in connection with Berry's § 1983 claim against the Individual Defendants in their official capacities has already been dismissed or should be dismissed without prejudice as barred by Eleventh Amendment immunity; and (4) Berry's FMLA and Title VII claims remain.

Berry has raised a single objection to the Report and Recommendation.  Berry objects to the recommendation for dismissal of his claims under 42 U.S.C § 1983 against the Individual Defendants in their individual capacities on the basis of qualified immunity.  Notably, the Magistrate Judge explicitly declined to make a recommendation on Berry's FMLA claims related to qualified immunity because "the Individual Defendants do not move for dismissal of Plaintiff's FMLA claims based on qualified immunity[.]"  Docket No. 49 at 18.  But as to Berry's § 1983 claims, the Magistrate Judge detailed Berry's general allegations, lack of authority cited in his Rule 7(a) Reply, and failure "to delineate such specific, concrete facts or to provide precedent in the Supreme Court or this circuit that demonstrates the Individual Defendants' conduct violated clearly established law."  *Id.* at 18–20.  For such reasons, the Magistrate Judge concluded that

Berry failed to carry his burden of rebutting the Individual Defendants' assertion of qualified immunity. *Id.* at 18–22.

## *DE NOVO* REVIEW

After entry of the report, Berry timely filed an objection. Docket No. 50. As set forth *supra*, he raises a single objection: the Magistrate Judge incorrectly concluded that Berry "declined to delineate such specific, concrete facts or to provide precedent in the Supreme Court o[r] this circuit that demonstrates the Individual Defendants' conduct violated clearly established law." *Id.* at 3. It is Berry's belief that he met his burden "in overcoming [the Individual Defendants'] defense of qualified immunity in their individual capacities under a Section 1983 claim." *Id.* at 3–4. In support, he points to the following allegations in his live pleading that (a) William Patten and Anthony Yardley were his "direct supervisors"; (b) Anthony Yardley "was the Director of Employee Relations, HR & Equity"; and (c) William Patten violated the FMLA Compliance Policy. *Id.* at 4. Thus, according to Berry, "Yardley and Patten, by virtue of their positions with TWU, and pursuant to the policies of TWU relating to the FMLA, would be well aware of [Berry's] FMLA protections, a statutory and constitutional right." *Id.* at 5. Berry points to no caselaw supporting his objection. And further his objection is devoid of any arguments about the remaining four Individual Defendants against whom this claim is asserted: Tomlinson, Benavides, Ramirez, and Sheeder. Dismissal as to these four Individual Defendants is warranted, and the Court addresses Berry's objection directed to Yardley and Patten.

"To defeat a claim of qualified-immunity, the plaintiff has the burden to demonstrate the inapplicability of the defense." *Mayfield v. Currie*, 976 F.3d 482, 486 (5th Cir. 2020) (quoting *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017)). "The plaintiff must show '(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time

of the challenged conduct.'" *Mayfield*, 976 F.3d at 486 (quoting *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013)). A court has discretion as to "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The Court starts with the second prong—whether the right was clearly established. "The 'clearly established' prong is difficult to satisfy." *Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020) (citing *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019)). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). Whether a right is clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix*, 577 U.S. at 12 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam)). Thus, a court should not "define clearly established law at a high level of generality." *Mullenix*, 577 U.S. at 12 (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011)). Merely referencing a constitutional or statutory right is not sufficient. Rather, a court "must frame the clearly established law question with specificity and granularity" because "the dispositive question is whether the violative nature of *particular* conduct is clearly established." *Brown v. Tarrant Cty., Tex.*, 985 F.3d 489, 495 (5th Cir. 2021) (quoting *Morrow*, 917 F.3d at 874–75) (alterations omitted) (emphasis in original).

To reiterate, Berry argues "[a]ny reasonable official working for a university would understand or know of the existence of § 1983 and the FMLA," "the Individual Defendants' actions were not objectively reasonable and that a reasonable official would understand that what they were doing violated Plaintiff's § 1983 and FMLA rights." Docket No. 43 at 20–21. Berry broadly points to accompanying allegations that two of the Individual Defendants were his

supervisors, violated the FMLA Compliance Policy, and would have been aware of the FMLA protections.

But that is not enough. "[G]eneral propositions of law defined at 'high levels of generality' are insufficient to define clearly established law for purposes of defeating qualified immunity." *Perniciaro v. Lea*, 901 F.3d 241, 256 (5th Cir. 2018) (quoting *al–Kidd*, 563 U.S. at 742) (alteration omitted). Indeed, the Fifth Circuit has continually warned lower courts not to define clearly established law too generally. *See, e.g.*, *Cunningham*, 983 F.3d at 193 (reversing a district court's denial of qualified immunity because the court "defined clearly established law too generally for any controlling relevance in this case"); *Garcia v. Blevins*, 957 F.3d 596, 601 (5th Cir. 2020) (rejecting as too general the plaintiffs' argument that there is a clearly established right "to be free from deadly force where he was not attempting to flee and did not pose an immediate threat to the officers, nor anyone else").

Berry also points to no caselaw related to his claims under § 1983 and to support his objection. That presents a problem because it is his "burden to find a case in his favor that does not define the law at a 'high level of generality.'" *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 310 (5th Cir. 2018) (citing *Cass v. City of Abilene*, 814 F.3d 721, 732–33 (5th Cir. 2016)). Without more, the Court is unable to discern "whether the violative nature of [this] *particular* conduct is clearly established." *See Brown*, 985 F.3d at 495 (emphasis added). This is because "clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552, 196 L. Ed. 2d 463 (2017) (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Otherwise, a plaintiff "would be able to convert the rule of qualified immunity into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *White*, 137 S. Ct. at 552 (citing *Anderson*, 483 U.S. at 639).

Consider *Bernabe v. Rosenbaum*. There, the plaintiff sued an official under § 1983 and argued "it was clearly established that tasing someone who is not actively resisting arrest and unarmed violates the Fourth Amendment." No. 4:18-CV-00580-O, 2021 WL 1056453, at *10 (N.D. Tex. Mar. 18, 2021). The Northern District of Texas, reiterating that it is improper to define "clearly established law" at "a high level of generality," stated that the plaintiff "must point to case law clearly establishing Defendants acted unreasonably based on facts similar to the *particular circumstances they faced*—the use of a taser where a person suspected of a felony leads officers on an extended foot chase and ignores repeated warnings to stop and get to the ground." *Id.* (emphasis added). "Reciting an abstract right at a high level of generality will not suffice." *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1008 (8th Cir. 2017) (citing *Anderson*, 483 U.S. at 639–40).

Berry's more "general proposition[s are] of little help in determining whether the violative nature of particular conduct is clearly established." *McCreary v. Richardson*, 738 F.3d 651, 656 (5th Cir. 2013) (quoting *al–Kidd*, 563 U.S. at 742). Berry has failed to carry his burden; the Individual Defendants in their individual capacities are entitled to qualified immunity as to Berry's § 1983 claims. *See generally Spivey v. Wilson*, No. 5:17-CV-00094-RWS, 2019 WL 5095629, at *11 (E.D. Tex. Sept. 27, 2019) (concluding the defendants were entitled to qualified immunity when the plaintiff "failed to meet his burden of showing the violation of a clearly established right").

## **CONCLUSION**

Having conducted a *de novo* review, the Court finds Berry's objection is without merit and **OVERRULES** it. The Court is also of the opinion that the findings and conclusions of the Magistrate Judge are correct. The Court hereby **ADOPTS** the Report and Recommendation of the

United States Magistrate Judge (Docket No. 49) as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendants' Second Motion to Dismiss (Docket No. 40) is **GRANTED-IN-PART** and **DENIED-IN-PART**, as follows:

(1) Berry's § 1983 claims against the Individual Defendants in their individual capacities are **DISMISSED WITH PREJUDICE** on the basis of qualified immunity;

(2) Berry's § 1983 claim against the Individual Defendants in their official capacities as to Berry's requests related to reinstatement/rehire remains;

(3) All other relief requested in connection with Berry's § 1983 claim against the Individual Defendants in their official capacities has already been dismissed or is **DISMISSED WITHOUT PREJUDICE** as barred by Eleventh Amendment immunity; and

(4) Berry's FMLA and Title VII claims remain.

It is further

**ORDERED** that, within fourteen days of the date of this Order, the Parties shall jointly submit a proposed scheduling order, exchange their initial disclosures, and communicate with the Magistrate Judge to schedule a management or scheduling conference.

**So ORDERED and SIGNED this 25th day of March, 2021.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE